## Buffum *v.* Seaver.

The property of a firm is not holden by an attachment at the suit of a creditor founded upon the joint and several note of the members of it, and not a partnership debt.

An attachment of the property of one who afterward files his petition for the benefit of the act of Congress of the United States to establish a system of bankruptcy, and who before judgment procures his discharge under that act, is a lien within the meaning of its provisions.

The doctrine of *Kittredge* v. *Emerson*, 15 N. H. 227, and of *Kittredge* v. *Warren*, 14 N. H. 508, affirmed.

Assumpsit for money had and received. The writ was dated on the 18th day of October 1842 and served on the same day by an attachment of the real estate of the defendant Thomas Seaver, and of the partnership goods and effects of the firm of Thomas Seaver & Son, which consisted of the two defendants.

Thomas Seaver pleaded at the October term of the Court of Common Pleas in 1843, in bar of the further maintenance of the suit, that on the 21st day of June 1843, in pursuance of a petition by him instituted praying for the benefit of the act of Congress to establish a uniform system of bankruptcy, and upon due proceedings, as set forth in his plea, he was discharged by a decree of the district court from all debts whether private or as a partner in the firm of Thomas Seaver & Son, that

were due and owing on the sixteenth day of November 1842, the day of the filing of his petition; and made profert of the certificate of his discharge.

The replication set up in avoidance, the commencement of the present action and the attachment of the real estate on the 18th day of October 1842, which estate is particularly described; also the attachment of the goods and chattels of the defendant as described in the return, and the entry of the action at the April term of the Court of Common Pleas to which it was returnable. Wherefore the plaintiff prayed judgment and his damages aforesaid to be levied of the said real estate, goods, and chattels, of the defendants," &c.

By his rejoinder, Thomas Seaver says that the plaintiff ought not further to maintain " his action for his said damages to be levied of the said goods and chattels of the said defendants at the time of the attachment, and which were so attached," because the debt sued for is the joint and several debt of the defendants and not due and owing from them as co-partners, and the goods so attached were owned by them as partners and were not liable to be attached upon the writ in this case.

To this rejoinder there was a general demurrer in which the defendant joined.

Thomas H. Seaver was defaulted.

*Vose,* for the plaintiff.

*Edwards,* for the defendants.

GILCHRIST, J. The interest of a partner in the property of the firm is only a right to share in the surplus remaining after the payment of the debts of the firm and extinguishing the just liens which may exist in favor of his associates or any of them. And this is all the interest of course that he is capable of transferring to other parties, either by voluntary conveyance or which can be

transferred by the agency of legal execution or other act of the law. This doctrine is fully established and has been variously applied by the court in this State. *Tappan* v. *Blaisdell*, 5 N. H. 190; *Burley* v. *Harris*, 8 N. H. 233; *Morrison* v. *Blodgett*, 8 N. H. 238; *Page* v. *Carpenter*, 10 N. H. 77.

In particular it has been held, that partnership property can not lawfully be attached to secure the debt of a partner, or of all of the partners composing the firm, if it be not in strictness a debt of the firm. *Morrison* v. *Blodgett; Page* v. *Carpenter*, cited above.

It appears by the rejoinder, which by the demurrer is admitted to be true, that the debt for which this action is brought, is not that of the firm composed of the two defendants, but the personal debt of the defendants. The partnership property therefore can not be held by an attachment for its security, and no lien contemplated by the act of Congress was in existence in favor of this plaintiff as it regarded this property, when the defendant Thomas Seaver filed his petition to be declared a bankrupt.

With respect to the real estate attached, the case is different. It was the private property of Thomas Seaver and liable to be attached and taken in execution to satisfy the debt for which this action is brought. An attachment had been made in the action and was subsisting at the time the petition in bankruptcy was filed. That attachment, according to the cases of *Kittredge* v. *Warren*, 14 N. H. 509, and *Kittredge* v. *Emerson*, 15 N. H. 227, is a lien within the meaning of the statute of Congress referred to, and protected by its express provisions.

According therefore to the practice settled by the cases referred to, a special judgment may be entered in favor of the plaintiff, and execution issued against the land described in the replication.

*Special judgment for the plaintiff upon the demurrer.*